UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM G. MOORE,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

CASE NO. C11-5121BHS

ORDER DISMISSING PETITION FOR WRIT OF MANDAMUS

    This matter comes before the Court on William G. Moore's ("Moore") Petition for Writ of Mandamus (Dkt. 1) and the Court's Order to Show Cause (Dkt. 4). The Court has considered Moore's petition, Moore's response to the Court's order, and the remaining record, and hereby dismisses Moore's petition for the reasons stated herein.

    Moore's petition seeks mandamus relief from the Court under 28 U.S.C. § 1361, to compel United States Attorney Jenny A. Durkan to perform duties Moore alleges are owed to him. *See* Dkts. 1, 2, and 5. In Moore's response, he argues that Ms. Durkin owes Moore a duty to admit that certain records "conclusively demonstrate Moore's actual innocence" and that Ms. Durkin owes Moore a "duty to correct false testimony." Dkt. 5 at 2-3.

    The Ninth Circuit has held that "[m]andamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly

ORDER – 1

1  prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Patel*
2  *v. Reno*, 134 F.3d 99, 931 (1997).  Having reviewed Moore's petition, supplement
3  thereto, and Moore's response, the Court concludes that he has failed to present a claim
4  that is clear and certain or show that Durkan's duty is nondiscretionary, ministerial, and
5  so plainly prescribed as to be free from doubt.

   Therefore, the Court dismisses Moore's petition for failure to present facts or
   argument that show that Moore may be entitled to mandamus relief.

   **IT IS SO ORDERED.**

   DATED this 11th day of May, 2011.

   _____
   BENJAMIN H. SETTLE
   United States District Judge

ORDER – 2